**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6767**

HENRY C. JENKINS,

               Petitioner - Appellant,

     v.

RALPH TERRY, Warden,

               Respondent - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:16-cv-06789)

Submitted: October 31, 2018               Decided: November 21, 2018

Before AGEE and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Henry C. Jenkins, Appellant Pro Se. Lindsay Sara See, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry C. Jenkins seeks to appeal the district court's order denying his 28 U.S.C. § 2254 (2012) petition and the court's order denying his Fed. R. Civ. P. 60(b)(6) motion. We dismiss the appeal.

Parties in a civil action in which the United States is not a party are accorded 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). The district court may extend the appeal period for good cause or excusable neglect under Fed. R. App. P. 4(a)(5), or reopen the appeal period under Fed. R. App. P. 4(a)(6). Furthermore, if the petitioner files a motion for relief under Rule 60 within 28 days after the final judgment of his § 2254 petition is entered, then the time to file an appeal will be counted from the date the court enters a judgment or order disposing of the Rule 60 motion. Fed. R. App. P. 4(a)(4)(A)(vi). The appeal period under Rule 4(a) is mandatory and jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

The district court denied Jenkins' § 2254 petition on September 25, 2017. Jenkins filed his pro se notice of appeal on June 6, 2018. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing prisoner mailbox rule). The district court did not extend or reopen the appeal period with regard to the § 2254 petition, and Jenkins' Rule 60(b)(6) motion did not toll the appeal period. *See* Rule 4(a)(4)(A)(vi). Because Jenkins filed his pro se notice of appeal well beyond the applicable time limits for appealing the denial of his § 2254 petition, this court is without jurisdiction to hear that aspect of his appeal.

Jenkins timely filed his appeal from the district court's order denying his Rule 60(b)(6) motion. The Rule 60(b) order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Jenkins has not made the requisite showing. The district court lacked jurisdiction to deny Jenkins' Rule 60(b)(6) motion on the merits because the claims he raised challenged the validity of his state convictions and, thus, the motion should have been construed as a successive § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (same). In the absence of prefiling authorization from this court, the district court lacked jurisdiction to hear a successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3) (2012).

Accordingly, we deny leave to proceed in forma pauperis, deny a certificate of appealability, and dismiss this portion of the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*